Joshua B. Poulsen, SBN 292108
Ryan D. Harris, SBN 217154
Harris Personal Injury Lawyers, Inc.
702 Ash Street, Suite 10
San Diego, CA 92101
Phone: (619) 864-7101
Fax:    (619) 578-2086
Email: josh@hpilaw.com

*Attorneys for Plaintiff*
*Lucas Kramer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE COURTHOUSE

| | |
|---|---|
| LUCAS KRAMER, an individual;<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICE; and DOES 1 through 20, Inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff LUCAS KRAMER ("Plaintiff") alleges as follows:

### I.  JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which provides that United States District Courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages" and which vests exclusive subject matter jurisdiction of the Federal Tort Claims litigation in the Federal District Court.

2. Venue is proper in the Northing District of California pursuant to 28 U.S.C. § 1402(b) because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within the Norther District of California, specifically the collision occurred on North Mathilda Avenue in the City of Sunnyvale, County of Santa Clara.

///

///

3. Pursuant to 28 U.S.C. § 2675(a), Plaintiff presented a separate and individual administrative claim to the Unites States Postal Service. This claim was presented on or about November 20, 2019, more than six months before the filing date of this claim. The United States Postal Service has failed to make a final disposition of this claim, and Plaintiff deems such failure to be a denial of the claim.

## II. PARTIES

4. Plaintiffs hereby incorporate by reference paragraphs 1 through 3 as though fully set forth herein.

5. Plaintiff is a natural person and a citizen of the United States of America who resided in Sunnyvale, California at the time of the subject incident and who currently resides in Cedar, Minnesota.

6. Defendant United States Postal Service is an agency of the United States of America.

7. Plaintiff is unaware of the names and capacities of Defendants Does 1 through 20 inclusive, and therefore sues them by fictitious names. Plaintiff will amend their Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed, believes and thereon alleges that each of these Defendants is responsible in some manner for the wrongful acts alleged in his Complaint and proximately caused Plaintiff's damages.

8. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants, and each of them, were and are the agents and employees of the remaining Defendants, and were and at all times herein relevant, acting within the course and scope of said agency and employment and that each defendant has ratified and approved the acts of his/her/its agent.

## III. LIABILITY OF THE UNITED STATES OF AMERICA AND THE UNITED STATES POSTAL SERVICE

9. Plaintiff hereby incorporates by reference paragraphs 1 through 8 as though fully set forth herein.

///

10. The liability of Defendant, United States of America, and the liability of its agent, Defendant United States Postal Service, is predicated specifically on 28 U.S.C. § 1346(b) and 2674 because the personal injuries, and resulting damages of which complaint is herein made, were proximately caused by the negligence, wrongful acts, and/or omissions of employees of Defendants United States of America and United States Postal Service, by reason of the acts of Defendants United States of America, and United States Postal Service, through their employee, in the City of Sunnyvale, County of Santa Clara, California, while acting within the course and scope of their employment, under circumstances where Defendants United States of America, and United States Postal Service, if private persons, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of California.

11. As is alleged above, Defendant United States Postal Service, is an agency of Defendant United States of America. Defendant United States of America, at all times material hereto, owned operated, and controlled the agency and service known as the United States Postal Service, and through said agency owned, operated and maintained equipment, facilities, and services driven by Defendant United States Postal Service's employee.

12. This is an action brought under the Federal Tort Claims Act for personal injuries arising out of an automobile collision which occurred on or about August 16, 2018, near the intersection of North Mathilda Avenue and West Maude, in the City of Sunnyvale, County of Santa Clara, State of California. This location is within the Northern District of California – San Jose Courthouse.

## IV. **FACTUAL ALLEGATIONS**

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

14. At all times herein mentioned, "Defendants" refers to UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE, and DOES 1 through 20, Inclusive.

15. At all times herein mentioned Defendants were the operator of that certain vehicle owned by Defendants.

///

16. At all times herein mentioned Defendants operated that certain vehicle owned by Defendants in the course and scope of their employment with Defendants and acted as an agent for Defendants.

17. On or about August 16, 2018, Defendants operated Defendants' vehicle in such a negligent manner as to make an unsafe turn with their vehicle and consequently cause a collision with Plaintiff's bicycle, causing serious injuries to Plaintiff.

## V. FIRST CAUSE OF ACTION

## NEGLIGENCE

*(As to All Defendants)*

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

19. On or about August 16, 2018, Defendants operated Defendants' vehicle in Santa Clara County in such a negligent manner as to execute an unsafe lane change and turned said vehicle into a bicycle lane when unclear and, as a result, violently collided with Plaintiff on his bicycle, causing Plaintiff's body to violently slam into Defendants vehicle, all of which resulted in serious bodily injuries to Plaintiff.

20. At said times and places, Defendants negligently, carelessly, and without due care or regard for the life, safety, and rights of Plaintiff, did so own, maintain, operate, and/or failed to maintain the vehicle driven by Defendants in a safe manner, causing Defendants' vehicle to slam into Plaintiff's bicycle, causing serious injuries to Plaintiff.

21. Defendants, employees of Defendants, caused the aforementioned collision while in the course and scope of their employment with, and while acting as an agent for them. Therefore, Defendants are all fully responsible for Defendants' conduct through the doctrine of *respondeat superior*.

///

///

///

///

22. As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in their health, strength, and activity, sustaining injury to their body and shock and injury to their nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical, and emotional distress and pain and suffering. Plaintiff is informed, believes and thereon alleges, that said injuries will result in some permanent disability to said Plaintiff, all to their general damages in an amount to be proven at trial.

23. As a proximate result of the negligence of the Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

24. As a proximate result of the negligence of the Defendants, and each of them, Plaintiff has sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

25. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

26. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

## SECOND CAUSE OF ACTION

## NEGLIGENCE PER SE

*(As to All Defendants)*

27. Plaintiffs hereby incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is further informed, believes, and thereon alleges, that Defendants:

a.     Violated Vehicle Code § 22350 in that Defendants' speed was unreasonable and unsafe for conditions; and

    b.        Violated Vehicle Code § 22107 in that Defendants' turned their vehicle into a bicycle lane when unclear; and

    c.        As a result, caused a significant and violent impact between Defendants' vehicle and Plaintiff's bicycle.

29. Plaintiff is further informed, believes and thereon alleges that as a direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiff was injured in their health, strength and activity, in various parts of their body. Plaintiff also sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff severe mental, physical and nervous injury, anxiety, and pain and suffering. Plaintiff is informed, believes, and thereon alleges, that these injuries caused by Defendants will result in some permanent disability to Plaintiff, all to his general damages, in an amount to be proven at trial.

30. Plaintiff is informed, believes and thereon alleges, that as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiff was required to, and did, employ physicians, nurses, hospitals, therapists, and other medical professional services to treat and care for him.  As a result, Plaintiff incurred and continues to incur expenses for medical treatment, medicines, and incidental care.

31. Plaintiff is informed, believes and thereon alleges, that in the future as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiff will require the services of physicians, surgeons, therapists, nurses, hospitals and other medical professional services to treat and care for him, and the reasonable amount of said services and liability will conform to proof at the time of trial.

32. As a proximate result of the negligence of the Defendants, Plaintiff has sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

///

///

33. As a further proximate result of the negligence of the Defendants, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

## JURY DEMAND

34. Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. General damages to Plaintiff, according to proof;
2. Economic damages to Plaintiff, according to proof,
3. Medical and related expenses of Plaintiff, according to proof;
4. Loss of earnings of Plaintiff, according to proof;
5. Loss of earning capacity of Plaintiff, according to proof;
6. Costs of suit herein;
7. Loss of Plaintiffs' property, according to proof;
8. Loss of use of Plaintiffs' property to Plaintiff, according to proof;
9. Prejudgment interest;
10. Such other further relief as the Court deems just and proper.

DATED: June 11, 2020                    Harris Personal Injury Lawyers, Inc.

By: _____
Joshua B. Poulsen,
Attorney for Plaintiff